BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
MAY 15 1978
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE FIRST NATIONAL BANK,        )
HEAVENER, OKLAHOMA (FIRST         )    DOCKET NO. 339
MORTGAGE REVENUE BONDS)           )
SECURITIES LITIGATION             )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of two actions pending in different districts -- one in the Eastern District of Oklahoma and one in the Western District of Oklahoma.

The subject of this controversy is $1.3 million of First Mortgage Revenue Bonds, Series 1968 (the bonds), issued by the Eufaula Utility Authority (Utility Authority). The bonds were issued for the purpose of providing funds for the construction of a water system, improving streets and roads and constructing related facilities on the properties of the Utility Authority in Eufaula, Oklahoma. Plaintiff in both actions is the First National Bank, Heavener, Oklahoma (Heavener bank), a purchaser of some of the bonds. In each action, the Heavener bank seeks to represent a class consisting of all holders of the bonds. Defendants in the Eastern

Oklahoma action are the Utility Authority and its trustees; Perry, Adams and Louis, Inc. (Perry, Adams), allegedly the primary broker for sale of the bonds; Eufaula Enterprises, Inc., allegedly a wholly owned subsidiary of Perry, Adams; John I. Willhauck, Jr., the president of Eufaula Enterprises; several other brokers that allegedly acted as agents of Perry, Adams for sale of the bonds; and several alleged recipients of funds diverted from Eufaula Enterprises. The sole defendant in the Western Oklahoma action is the First National Bank and Trust Company of Ponca City, Oklahoma (Ponca City bank), the trustee for the bonds. The Ponca City bank was originally named as a defendant in the Eastern Oklahoma action, but, in accordance with the venue provision of the National Bank Act, 12 U.S.C. §94, the Ponca City bank was dismissed for improper venue. The Western Oklahoma action was filed after that dismissal.

The allegations in the two complaints are substantially the same. The Heavener bank alleges that the defendants violated the federal securities laws by entering into a common scheme to defraud the bondholders. All but one of the defendants in the Eastern Oklahoma action are listed in the complaint in the Western Oklahoma action as participants in the alleged scheme. Similarly, the Ponca City bank is listed in

the amended complaint in the Eastern Oklahoma action as a participant in the alleged scheme. Particulars of the alleged scheme include the following: the bonds were delivered by the trustees of the Utility Authority to Willhauck for no consideration or for inadequate consideration; the Ponca City bank violated its duty to the bondholders as trustee for the bonds by permitting delivery of the bonds to Willhauck without making certain that the proceeds from the sale of the bonds were used for the benefit of the Utility Authority; an offering circular was disseminated which falsely represented that proceeds from the sale of the bonds would be used to purchase and improve certain residential properties and to improve other properties owned by the Utility Authority; Eufaula Enterprises was allowed to exercise the responsibilities of the Utility Authority in connection with the bonds, including the collection of proceeds from the sale of properties that served as security for the bonds and including the collection of charges for utility services from occupants of those properties, but Eufaula Enterprises did not remit those collections to the Ponca City bank and instead diverted those funds to several other enterprises; Eufaula Enterprises misrepresented to the Utility Authority that certain work had been performed on behalf of the Utility

Authority pursuant to a contract; the Ponca City bank further violated its fiduciary duty to the bondholders when, after demand by the bondholders, it failed to commence foreclosure proceedings concerning the properties that served as security for the bonds. The Heavener bank alleges that as a result of defendants' conduct the bonds went into default and substantial losses to the bondholders ensued.

The Heavener bank moves the Panel for an order pursuant to 28 U.S.C. §1407 transferring the Western Oklahoma action to the Eastern District of Oklahoma for coordinated or consolidated pretrial proceedings with the action pending in that district. Ponca City bank, Perry, Adams, Willhauck and four other defendants oppose transfer. In the event transfer is ordered, the opponents of transfer favor the Western District of Oklahoma as the transferee forum.

We find that these actions involve common questions of fact and that transfer of the action pending in the Eastern District of Oklahoma to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings with the action pending in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

The opponents of transfer admit that these actions involve common questions of fact, but they assert that substantial individual questions of fact concerning the alleged liability of the Ponca City bank in its unique capacity as trustee for the bonds are involved in the Western Oklahoma action. The opponents also maintain that the two actions before the Panel are not exceptional cases, that the issues involved are not unduly complex and that transfer should therefore be denied in accordance with the principles enunciated in In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Voluntary cooperation among the parties and the two involved courts to share any common aspects of discovery would serve as a suitable alternative to transfer, the opponents contend.

We find these arguments unpersuasive. These two actions arise from the same factual situation and share numerous complex questions of fact concerning the financial condition and the operation of the Utility Authority and concerning the allegedly concerted activities of the various defendants in connection with the distribution and sale of the bonds. Discovery on these complex factual questions will be time-consuming. Transfer under Section 1407 is thus necessary, even though only two actions are involved, in order to prevent

duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings. See In re Ascot Oils, Inc. Securities Litigation, 433 F. Supp. 1118, 1120 (J.P.M.L. 1977). See generally In re Scotch Whiskey Antitrust Litigation, supra, 299 F. Supp. at 544. Because these actions have been brought on behalf of the same plaintiff class, we emphasize that it is desirable to have a single judge oversee the class action issues in both actions to avoid duplicative efforts in this area. While voluntary coordination of discovery efforts among parties and their counsel is always commendable, transfer of these actions to a single district under Section 1407 will ensure the streamlining of discovery and all other pretrial proceedings as well. See In re Ascot Oils, Inc. Securities Litigation, supra, 433 F. Supp. at 1120. The transferee judge, of course, has the broad discretion to design a pretrial program that will allow discovery on any issues unique to either action to proceed concurrently with the common discovery. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

The actions before us are pending in adjacent districts and either district could be described as an appropriate transferee forum for this litigation. On balance, however, we are of the view that the Western

District of Oklahoma is preferable. The record before us reveals that the parties, anticipated witnesses and relevant documents in these actions are located throughout Oklahoma and in other states. Since the situs of the Western District of Oklahoma is in a major metropolitan area, Oklahoma City, whereas the situs of the Eastern District of Oklahoma is in a much smaller locality, Muskogee, the former district is the more convenient forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the following Schedule A and pending in the Eastern District of Oklahoma be, and the same hereby is, transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Ralph G. Thompson for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

Schedule A  -  Docket No. 339

| EASTERN DISTRICT OF OKLAHOMA | Civil Action No. |
|---|---|
| First National Bank, Heavener, Oklahoma, etc. v. Eufaula Enterprises, Inc., et al. | 76-343-C |

| WESTERN DISTRICT OF OKLAHOMA | |
|---|---|
| First National Bank, Heavener, Oklahoma, etc. v. First National Bank & Trust Co. of Ponca City, Ponca City, Oklahoma | 77-0461-T |